IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HANCOCK BANK**, a
Mississippi banking corporation,

    Plaintiff/Counter-Defendant,

v.                                     CASE NO. 5:11-cv-339-RS-EMT

**JAMES A. BOYD, SR.,
NANCY G. BOYD,
JAMES A. BOYD, JR.,
CECELIA R. BOYD,**

    Defendants/Counter-Plaintiffs.
_____/

## ORDER

Before me are Plaintiff's Motion for Final Summary Judgment (Doc. 25) and Defendants' Response (Doc. 30).

## Standard of Review

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in

1

the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

Boyd Brothers, Inc. ("Boyd Brothers") borrowed money from People's First Community Bank ("People's First") on several occasions. Defendants personally guaranteed repayment of the Boyd Brothers loans. Plaintiff inherited these debts when it acquired the assets and assumed certain liabilities of People's First from the FDIC on December 18, 2009.

Boyd Brothers took out six different loans over a fifteen year period. (Doc. 25). Boyd Brothers defaulted on these loans. In another case ("the Consolidated Action"), Plaintiff obtained a final judgment against Defendants on five of the

loans.[1]  This case involves the remaining loan, which involved a promissory note in the initial principal amount of $2,650,000.00 that Boyd Brothers executed and delivered to People's First on January 16, 2007.  This loan was set to mature on August 18, 2018, pursuant to subsequent renewals of the initial note.  Boyd Brothers defaulted on the loan in November 2010, and Plaintiff has exercised its contractual right to accelerate the outstanding principal balance.  Plaintiffs seek damages, pre-judgment interest, and attorney's fees and costs resulting from Defendant's breach of their guaranty agreement.

## Analysis

Plaintiff contends that it is entitled to summary judgment because Defendants' affirmative defenses are barred by the doctrine of *res judicata*.  In the Eleventh Circuit, a claim is precluded by the doctrine of *res judicata* where: (1) there is a prior final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).  "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added).  "Under

---

[1] The case number of the Consolidated Action is 5:11-cv-94-RS-CJK.

*res judicata* 'the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial.' " *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984) (quoting *Kaspar Wire Works, Inc. v. Leco Engineering & Machinery*, 575 F.2d 530, 535 (5th Cir. 1978)). "The bar extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.' " *Id.* (citing *Lovely v. Laliberte*, 498 F.2d 1261(1st Cir. 1974)).

In the Consolidated Action, final judgment was entered in favor of Plaintiff on January 5, 2012. (5:11-cv-94, Doc. 94). It is undisputed that this Court had competent jurisdiction and that the parties in the suits are identical. I have already considered and rejected three of Defendants' affirmative defenses—(1) there was no meeting of the minds, (2) Hancock Bank failed to mitigate its damages, and (3) Hancock violated the Equal Credit Opportunity Act—in the Consolidated Action. Therefore, these defenses are barred by *res judicata*.

Additionally, Plaintiff contends that Defendants' other two affirmative defenses are barred by *res judicata* because of the Order dismissing Defendants' counterclaims for fraudulent inducement and the breach of the implied covenant of good faith and fair dealing. (Doc. 22). Defendants' remaining affirmative defenses are that Defendants executed the guaranty agreement under coercion and

duress because Plaintiff wrongfully withheld their assets and that this misconduct constitutes a breach of the covenant of good faith and fair dealing.

Because "a dismissal with prejudice [constitutes] a final judgment on the merits," the Order dismissing Defendants' counterclaims meets the first prong for *res judicata*. *Bradford v. Bronner*, 665 F.2d 680, 682 (5th Cir. 1982). Again, it is undisputed that this Court had competent jurisdiction and that the parties in the suits are identical. Lastly, Defendants are alleging similar claims for the same misconduct on the part of Plaintiff. "[L]egal theories and claims arising out of the same 'operative nucleus of fact' " are barred by *res judicata*. *Olmstead,* 725 F.2d at 632 (citing *Lovely v. Laliberte*, 498 F.2d 1261(1st Cir. 1974)).

Because all of Defendants' affirmative defenses are barred by the doctrine of *res judicata* and no other evidence is offered to dispute any claims, there is no genuine issue of material fact. Therefore, Plaintiff's motion shall be granted.

## Conclusion

**It is ORDERED:**

1. The Motion for Final Summary Judgment (Doc. 25) is **GRANTED**.
2. Plaintiff shall submit calculations of the current balances of the outstanding indebtedness with principal, accrued interest, and daily accrued interest rate. The clerk will then enter judgment in favor of Plaintiff against Defendants in that amount.

**ORDERED** on February 28, 2012.

                                        **/s/ Richard Smoak**
                                        **RICHARD SMOAK**
                                        **UNITED STATES DISTRICT JUDGE**